WASHINGTON v SHERROD

BASTARDS—SUPPORT—PATERNITY ACT—SUPPORT ENFORCEMENT ACT—
STATUTES—COURT RULES.
 Actions under the Paternity Act and the Uniform Reciprocal
 Enforcement of Support Act are governed by General Court
 Rules unless inconsistent or modified by those acts, and the
 methods of enforcement provided in the Paternity Act are not
 exclusive because enforcement of support orders may also be
 sought under the provisions of the Uniform Reciprocal Enforce-
 ment of Support Act (MCLA 722.711 *et seq.,* 780.151 et seq.;
 MSA 25.491 *et seq.,* 25.225 *et seq.,* GCR 1963, 730.1, 731).

Appeal from Jackson, Gordon W. Britten, J.
Submitted December 13, 1977, at Lansing. (Docket
No. 77-916.) Decided March 21, 1978.

Petition filed by Wanda Washington in Ne-
braska seeking support payments for her daughter
from Russell A. Sherrod. Petition forwarded to
Michigan and filed in circuit court under the
Uniform Reciprocal Enforcement of Support Act.
Wanda Washington also sought support payments
for her daughter in a paternity action. Accelerated
judgment for defendant. Plaintiff appeals. Re-
versed and remanded.

*James O. Marks,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
10 Am Jur 2d, Bastards § 126 *et seq.*
Illegitimate children: application, to illegitimate children, of crimi-
 nal statutes relating to abandonment, neglect, and nonsupport of
 children. 99 ALR2d 746.
Determination of paternity of child as within scope of proceeding
 under Uniform Reciprocal Enforcement of Support Act. 81
 ALR3d 1175.

Before: V. J. BRENNAN, P. J., and D. F. WALSH
and H. L. HEADING,* JJ.

PER CURIAM. Plaintiff filed a petition in Ne-
braska seeking support payments for her daugh-
ter. The petition was forwarded to Jackson
County, Michigan, where defendant resides, for
filing in the Jackson County Circuit Court under
the Uniform Reciprocal Enforcement of Support
Act, MCLA 780.151 *et seq.;* MSA 25.225(1) *et seq.*
A paternity action, MCLA 722.711 *et seq.;* MSA
25.491 *et seq.,* had previously been instituted by
plaintiff in the Jackson County Circuit Court and
a consent order of support had been entered direct-
ing defendant to pay $12 per week towards the
support of the child.

The circuit court, *sua sponte,* entered acceler-
ated judgment for the defendant. GCR 1963,
116.1(4). The court ruled that it could not main-
tain two support files on defendant.

We find error in the entry of accelerated judg-
ment. GCR 1963, 730.1 and GCR 1963, 731 provide
that actions under the Paternity Act and the
Uniform Reciprocal Enforcement of Support Act
shall be governed by the General Court Rules
except as inconsistent with or modified by those
acts. MCLA 722.728; MSA 25.508 expressly pro-
vides that the methods of enforcement provided in
the Paternity Act are not exclusive and that en-
forcement of support orders may also be sought
under the provisions of URESA.

The order of dismissal is reversed. The case is
remanded for further URESA proceedings.

No costs, a public question.

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by
assignment.